**Joseph P. YENIK, Jr., Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 12–2850–CV.**

United States Court of Appeals, Second Circuit.

June 12, 2013.

Scot G. Miller, Coughlin & Gerhart, LLP, Binghamton, NY, for Appellant.

Michelle Lynn Christ, Special Assistant United States Attorney, (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, of counsel), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Present: RALPH K. WINTER and PETER W. HALL, Circuit Judges, and WILLIAM K. SESSIONS III, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Joseph P. Yenik, Jr., appeals from the final judgment of the United States District Court for the Northern District of New York (Homer, *M.J.*) entered May 10, 2012, which affirmed the December 14, 2010 final decision of the Commissioner of the Social Security Administration to deny Yenik disability benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In conducting our plenary review, *see, e.g.*, *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.1996), it became apparent that the administrative record also contains medical records related to one Joseph Yenik, Sr. The ALJ's opinion does not make clear the extent to which he relied on this evidence in assessing Joseph P. Yenik, Jr.'s eligibility for disability insurance benefits. The record is clear, however, that the ALJ was not cognizant of the fact he was considering medical records bearing on the condition of a person different from the applicant before him. Moreover, throughout

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

the proceedings leading up to and continuing after the ALJ hearing, neither the applicant, nor the Appeals Council, nor the attorney for the Commissioner arguing this appeal, nor even the district court was aware that an inaccurate, and for all we know incomplete, medical record formed the basis for the Commissioner's adverse determination. Accordingly, this matter will be remanded to the Commissioner (1) to excise from the administrative record such evidence that pertains to persons other than Joseph P. Yenik, Jr., and, (2) at a minimum, to compile, or cause to be compiled, accurate and up-to-date medical evidence pertaining to Joseph P. Yenik, Jr. and to undertake a new evaluation of Mr. Yenik, Jr.'s eligibility for disability insurance benefits based, *inter alia*, on such evidence. We do not address the merits of Mr. Yenik, Jr.'s arguments briefed on appeal and instead leave those issues to be considered in the first instance by the Commissioner on remand in light of the complete, accurate, and updated medical records and such other evidence as may be presented at that time.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** the case to the district court with instructions to **VACATE** the December 14, 2010 decision of the Commissioner and **REMAND** the case for further administrative proceedings consistent with this order.